# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT GARRETT, DOC # N74351, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-955-GPM |
| | ) |
| GREGORY SCHWATZ, LIEUTENANT | ) |
| DINTELMAN, C/O COLGAN, C/O | ) |
| MYERS, OFFICER HARRIS, OFFICER | ) |
| URBANKE, and LIEUTENANT BRADLEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court for review of Plaintiff's First Amended Complaint (Doc. 11), which was timely filed in response to this Court's Order of July 27, 2011 (Doc. 10). Plaintiff was ordered to file the amended complaint to name the Defendants responsible for the retaliatory acts alleged in Count 2 of the original complaint. Plaintiff was also ordered to re-file any exhibits he wished the Court to consider along with his First Amended Complaint. Before this matter can be referred to the Magistrate Judge for further proceedings, the Court must evaluate whether the First Amended Complaint complies with the Court's prior order, and whether the amended allegations survive review pursuant to 28 U.S.C. § 1915A.

Plaintiff's allegations in Count 1 of the First Amended Complaint, against Defendants Colgan, Myers, Lt. Dintelmann, and Schwatz, are sufficient to proceed to the next stage of litigation. However, Plaintiff neglected to file any of the exhibits to which he refers in the First Amended

Complaint (Doc. 11, p. 4-6). Should Plaintiff wish the Court to consider these exhibits, he may file them within 14 days of the date of entry of this Order. If the exhibits are not filed within this deadline, Plaintiff must file a proper motion to amend his complaint, pursuant to Federal Rule of Civil Procedure 15(a) or (d) and Local Rule 15.1.[1]

Turning to Count 2 of the First Amended Complaint, not all of Plaintiff's allegations are adequate to state a retaliation claim against the three new Defendants he names. His original complaint indicated that the acts of retaliation Plaintiff described – placing him in segregation, destroying or giving away his property, and placing him in a cell with a hostile inmate who took his property – were taken as a consequence of Plaintiff filing grievances in February 2009 over the denial of access to restroom facilities that was the subject of Count 1. However, the allegations in the First Amended Complaint do not make that connection. Merely stating a legal conclusion that certain acts constitute "retaliation" is not sufficient to make out a constitutional claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (conclusory legal statements are insufficient to state a claim); *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (to state a claim for retaliation, a plaintiff must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim). To determine whether Plaintiff's retaliation claims merit further review, the Court shall examine each in turn.

**Defendant Harris**

First, Plaintiff alleges that on August 2, 2010, he was sent to disciplinary segregation (he

---

[1] Pursuant to Southern District of Illinois Local Rule 15.1, the proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed.

does not explain why) (Doc. 11, p. 7). When Plaintiff's property was returned after segregation, many items were missing, and his TV and fan were broken. Plaintiff asked Defendant Harris about the property, and Defendant Harris replied, "that's the price you pay if you come to seg" (Doc. 11, p. 7). Plaintiff does not allege any connection between this incident and Plaintiff's earlier grievances over the denial of bathroom access, which he filed soon after February 9, 2009, more than a year before the loss of his property. Moreover, Plaintiff does not allege that the incident involving Defendant Harris was retaliatory in any way. Instead, Plaintiff alleges that Defendant Harris was deliberately indifferent to Plaintiff's complaint over his personal property (Doc. 11, p. 9).

These allegations do not state a cause of action for retaliation. Nor do they state a claim for deliberate indifference or any other constitutional claim. The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).

Accordingly, this portion of the claim does not survive review pursuant to 28 U.S.C. § 1915A, and the claim against Defendant Harris must be dismissed.

**Defendant Bradley**

Next, Plaintiff alleges that on August 18, 2010, Plaintiff complained to the correctional officer in charge, and to supervisor(s) about his cellmate, who stole commissary items from Plaintiff and continually picked fights with him. Despite his complaints, Plaintiff was placed back into the same cell. Defendant Bradley told Plaintiff that if he had any problems with the cellmate, Plaintiff should fight the cellmate. Plaintiff again fails to allege that this incident occurred in retaliation for the grievances he filed after being denied access to the restroom in February 2009. However, Plaintiff does allege that Defendant Bradley's refusal to move Plaintiff, and Plaintiff's continued placement in the cell he shared with a hostile cellmate, constituted retaliation for the complaints Plaintiff raised over that cell assignment. Such allegations are adequate to state a retaliation claim at the pleadings stage. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (naming the protected activity and the act of retaliation is all that is necessary to state a claim).

That is not the end of the matter. This incident of alleged retaliation does not appear to arise from the same transaction, occurrence, or series of transactions or occurrences as the events in Count 1. Therefore, it is subject to severance from this action into a separate lawsuit, as shall be discussed further below.

**Defendant Urbanek**

Finally, Plaintiff alleges in the First Amended Complaint that on May 12, 2010, Defendant Urbanek did not allow Plaintiff to use the inmates' restroom in the law library, and as a result Plaintiff "use[d] the restroom on himself" because he was unable to hold it (Doc. 11, p. 7, 9). Although Plaintiff alleges that this event constituted retaliation, the First Amended Complaint fails to state what protected act Plaintiff engaged in that would have prompted Defendant Urbanek to

retaliate against him. Accordingly, Plaintiff fails to state a retaliation claim against Defendant Urbanek. However, for the reasons stated in this Court's order at Doc. 10, Defendant Urbanek's refusal to allow Plaintiff to use the law library restroom despite Plaintiff's request and explanation that he had an urgent need to go because of the medication he was taking, may state a claim for deliberate indifference (*see* Count 1, Doc. 10, p. 4-7).

Plaintiff appears to claim that Defendant Urbanek's refusal to allow Plaintiff to use the restroom while in the law library was due to the policy put in place by Defendant Schwatz, described in Count 1, that inmates would not be permitted any bathroom breaks during their scheduled class time (Doc. 11, p. 10-12). Although the incident with Defendant Urbanek occurred on May 12, 2010, and the incident described in Count 1 took place on February 9, 2009, if both incidents were related to Defendant Schwatz' alleged policy restricting inmates' bathroom breaks, they may be sufficiently related to be brought in the same action. Therefore, Plaintiff's claim against Defendant Urbanek shall be considered as part of Count 1 of this action.

**Severance of Claims**

As to Count 1 of the complaint, the joinder of the claims against Defendants Colgan, Myers, Lt. Dintelmann, Schwatz, and now Urbanek, appears to be proper under Rule 20(a)(2) which provides that persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).

Plaintiff's claim against Defendant Bradley, originally designated as part of Count 2 of the complaint, however, does not appear to arise from the same transaction, occurrence, or series of

transactions or occurrences as the claims in Count 1.

The Seventh Circuit recently confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). On review of the complaint, the claim against Defendant Bradley in Count 2 of the complaint is not sufficiently related to the claims against Defendants Colgan, Myers, Lt. Dintelmann, Schwatz, and Urbanek in Count 1 so as to allow them to proceed together in one lawsuit.

Plaintiff is **ADVISED** that the Court is inclined to sever the claim against Defendant Bradley into a separate action. Count 1 would remain in the present action. If this claim is severed, it would be removed from this case and opened into a new case. A new case number would be assigned, and a new filing fee would be assessed.

Because the imposition of an additional filing fee may impose a financial burden on him, Plaintiff is **FURTHER ADVISED** that he may avoid severance (and the imposition of the additional filing fee) by filing a motion to voluntarily dismiss the proposed separate claim without prejudice within **45 days** of the date of this order. Again, the current action shall consist only of Count 1 against Defendants Colgan, Myers, Lt. Dintelmann, Schwatz, and Urbanek, for denial of access to the restroom on February 9, 2009, and May 12, 2010. The proposed new separate action shall be as follows:

**Retaliation claim against Defendant Bradley arising from Plaintiff's August 18, 2010, complaint about his cellmate.**

Plaintiff may choose to voluntarily dismiss the proposed new separate action against Defendant Bradley. If Plaintiff dismisses the proposed separate claim, then Count 1 will continue in this case and no severance will be necessary. If Plaintiff fails to move to voluntarily dismiss the proposed separate claim within **45 days**, then severance shall proceed, a new case opened, and a new

fee assessed.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff fails to state a claim for retaliation or loss of personal property against **DEFENDANT HARRIS.** Therefore, Plaintiff's claims against **DEFENDANT HARRIS** are dismissed without prejudice to any state court claim.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to avoid the proposed severance of the separate claim outlined above, Plaintiff shall file his motion to voluntarily dismiss this claim within **45 days** of the date of this order (on or before November 3, 2011). If no motion is filed by this deadline, severance shall proceed, a new case shall be opened, and a new filing fee assessed. Service shall not be made on **DEFENDANT BRADLEY** until after the expiration of the time for Plaintiff to file his motion to voluntarily dismiss.

**IT IS FURTHER ORDERED** that Plaintiff shall file any exhibits which should be considered along with the First Amended Complaint, within 14 days of the date of this order (on or before October 4, 2011).

**IT IS FURTHER ORDERED** that, as to Count 1 of the First Amended Complaint, the Clerk of Court shall prepare for Defendants **COLGAN, MYERS, LT. DINTELMANN, SCHWATZ,** and **URBANEK** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will

require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: September 19, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge