IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-955-GPM |
| | ) |
| GREGORY SCHWATZ, LIEUTENANT | ) |
| DINTELMAN, C/O COLGAN, C/O | ) |
| MYERS, and OFFICER URBANEK, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

    In this 42 U.S.C. § 1983 action, Plaintiff, Mr. Garrett, claims that Defendants denied him access to the restroom in violation of his Eighth Amendment rights (Docs. 1, 10). Defendants moved for summary judgment arguing that Mr. Garrett failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e) (Doc. 36). Pursuant to *Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008), United States Magistrate Judge Donald G. Wilkerson held an evidentiary hearing on the motion for summary judgment on April 5, 2012 (Doc. 48). This matter is now before the Court on the resulting Report and Recommendation of Judge Wilkerson (Doc. 51), recommending that this Court: grant in part and deny in part Defendants' motion for summary judgment; find that Plaintiff did exhaust his administrative remedies as to Defendants Colgan and Dintelman; find that Plaintiff did not exhaust his administrative remedies as to Defendants Schwartz, Myers, and Urbanek; and dismiss Defendants Schwartz, Myers, and Urbanek from this action. Judge Wilkerson's Report and Recommendation was entered June 1, 2012. No objections have been filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where–as here–neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

The record indicates that Mr. Garrett filed grievances regarding the alleged denial of restroom access on February 9, 2009 and May 12, 2010. Mr. Garrett also testified that he directly submitted those grievances to the Administrative Review Board (ARB) on July 22, 2010. Judge Wilkerson credited Mr. Garrett's testimony regarding the February 9, 2009 grievance–that his direct submission of the grievance to the ARB after receiving no response from the grievance officer was a reasonable attempt to exhaust his administrative remedies. The February 9, 2009 grievance names only Defendants Colgan and Dintelman. The ARB did not receive the May 12, 2010 grievance–which names Defendants Schwartz, Myers, and Urbanek–until September 7, 2010, and Judge Wilkerson found that the evidence contradicted Mr. Garrett's testimony that he had immediately forwarded that grievance to the ARB. Judge Wilkerson therefore found that Mr. Garrett had failed to exhaust his administrative remedies as against Defendants Schwatz, Myers, and

Urbanek.

While a *de novo* review is not required here, the Court has considered the evidence adduced at the *Pavey* hearing and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.  The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 51) and **GRANTS in part and DENIES in part** Defendants' motion for summary judgment for failure to exhaust administrative remedies (Docs. 36).   Plaintiff's action as against Defendants Schwartz, Myers, and Urbanek is **DISMISSED**.  Plaintiff's claim against Defendants Colgan and Dintelman shall proceed.

**IT IS SO ORDERED.**

DATED: July 25, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge