IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT GARRETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-955-GPM |
| | ) |
| **LIEUTENANT DINTELMAN, and C/O COLGAN,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is the motion for summary judgments of the only remaining Defendants in this action, Stephen Colgan and Richard Dintelman (Docs. 64, 65). Plaintiff, Mr. Garrett filed a two-page "affidavit" restating some of the allegations from his complaint, but otherwise filed nothing remotely responsive to the motion for summary judgment (Doc. 71). Defendants are entitled to judgment on the merits, and their motion for summary judgment is **GRANTED.**

## Background

Pursuant to 42 U.S.C. § 1983, Mr. Garrett alleges that Defendant Colgan denied Mr. Garrett permission to use the restroom while Plaintiff attended a three-hour class in Pinckneyville Correctional Center (Doc. 10). Plaintiff claims he is lactose intolerant and had ingested milk before class, upsetting his stomach. He also says he takes "water pills" for high blood pressure. Because he was not allowed to use the restroom, Plaintiff urinated and defecated on himself. He was required to proceed to the dining hall after class, and Defendant Dintelmann allegedly refused

to allow Plaintiff to return to his unit to clean himself. As a result, Plaintiff suffered humiliation and the ridicule of other inmates. Plaintiff's claim, then is for both a failure to treat a medical condition (lactose intolerance) by failing to allow him to use the restroom to relieve his resultant discomfort; and an Eighth Amendment Claim for failure to treat him with basic human decency.

**Legal Standards**

The standard applied to summary judgment motions filed under Rule 56 is well-settled and has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted). "We often call summary judgment, the 'put up or shut up' moment in litigation, by which we mean that the non-moving party is required to marshal and present the court with the evidence she contends will prove her case. And by evidence, we mean evidence on which a reasonable jury could rely." *Goodman v. National Security Agency, Inc.,* 621 F.3d 651, 654 (7th Cir.2010).

To prevail on a claim of deliberate indifference to a serious medical need, Plaintiff must first show that his condition was "objectively, sufficiently serious" and that the prison official

acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted). "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), *quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Prison officials are not liable under the Eight Amendment's "cruel and unusual punishments" clause unless the official "knows of and disregards" a risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To amount to deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A prison official's "failure to alleviate a significant risk, that he should have perceived but did not, while no cause of commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* "Even if the defendant recognizes the substantial risk, he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010), *quoting* Farmer, 511 U.S. at 843).

Regarding a claim for deprivation of basic human needs, the Supreme Court has stated: "Prisoners retain the essence of human dignity inherent in all persons. Respect for that dignity animates the Eighth Amendment prohibition against cruel and unusual punishment. *Brown v. Plata,* 131 S.Ct. 1910, 1928 (2011). Thus, an "unquestioned and serious deprivation of basic

human needs" may "deprive inmates of the minimal civilized measure of life's necessities" and would violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The lack of heat, clothing, or sanitation can violate the Eight Amendment." *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In analyzing such a claim, the Seventh Circuit has indicated that it "consider[s] the totality of the conditions of confinement to determine whether a prisoner has been deprived of basic human needs." *Johnson v. Pelker*, 891 F.2d 136, 138-139 (7th Cir. 1989); *See also DeSpain v. Uphoff*, 264 F.3d 965, 974 (10 Cir. 2001) ("An inquiry into conditions of confinement by necessity relies on the particular facts of each situation; the "circumstances, nature, and duration" of the challenged conditions must be carefully considered."). In *Johnson*, the Court found that the temporary denial of dry bedding and clothing for two-and-a-half days (which compelled the Plaintiff to sleep on "a 'slab of metal'" and resulted in a "severe cold") was a "temporary inconvenience" that did not rise to the level of a constitutional violation. *Id.* 891 F.2d at 138-139.  However, placing an inmate in a cell for three days without running water, with feces on the walls, and without providing cleaning supplies may be a violation of the Eighth Amendment. *Id* at 140.

**Discussion**

Here, Plaintiff is not entitled to relief under either Eighth Amendment claim.  In the first instance, it is unclear whether serious medical need existed.  There is no showing either that lactose intolerance or high blood pressure are objectively serious, or that Plaintiff had diagnoses of either.  What is damning to his claim, however, is that there is nothing to show that either Defendant knew of those conditions, or that they were obvious.  His deliberate indifference claim fails because he has not shown any culpable state of mind related to his medical needs.  Neither

does Plaintiff show a claim for deprivation of his human dignity.  With respect to Defendant Colgan, Plaintiff admits that there was a policy in place that would prevent bathroom breaks during GED classes (Garrett Aff. ¶ 6). In their Answer, Defendants state that the policy was enacted in response to a "staff assault" and that the policy merely indicated that inmates were to use the bathroom in their cell. Of course, pleadings are not evidence, especially an Answer that is not in the form of an affidavit. Nonetheless, there has been no showing that there was not a legitimate purpose for the policy or that Defendant Colgan acted for any reason other than in furtherance of that policy. *See Peckham v. Wisconsin Dept. of Correction*, 141 F.3d 694, 697 (7th Cir. 1998) (conduct that is not done to harass or punish but rather in furtherance of a legitimate purpose does not offend the Constitution). There is simply no showing that Defendant Colgan was acting merely to punish or harass Plaintiff.  Further, the fact that *Plaintiff* knew he himself was lactose intolerant and yet drank milk before a class in which he knew no bathroom breaks were allowed weighs against him.  With regard to his soiled clothing in the lunchroom, there is no indication on the record when or if Plaintiff requested to clean himself.   There is no indication the length of time he was in his soiled garments.   There is simply no evidence that the Defendants' intent was to harass, punish, or deprive Plaintiff of his human dignity.   The evidence shows at most that this was an unfortunate isolated incident.

## Conclusion

Mr. Garrett fails to show any constitutional violation by Defendants.   Defendants' motion for summary judgment is therefore **GRANTED.**

**IT IS SO ORDERED.**

**DATED**:   August 21, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge